[Civ. No. 25930. First Dist., Div. One. May 5, 1970.]

KEY INSURANCE EXCHANGE, Plaintiff and Respondent, v.
BERT WASHINGTON, Defendant and Appellant.

**COUNSEL**

Joseph W. Cotchett and D. Gerald Brown for Defendant and Appellant.

Carroll, Davis, Burdick & McDonough for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, J.**—In a declaratory relief action tried to the court it was adjudged that plaintiff Key Insurance Exchange had no duty to "defend or indemnify" defendant Benjamin F. Horne in an action commenced against him by defendant Bert Washington. Defendant Washington alone appeals from the judgment.

The earlier action against Horne was brought to recover for personal

injuries sustained by Washington, a passenger, when a truck owned and driven by Horne went out of control and crashed. Key Insurance Exchange had written an automobile liability insurance policy covering Horne's truck. The policy contained a provision stating: *"This policy does not apply . . . to bodily injury to any employee of the insured arising out of and in the course of . . . employment by the insured."* (Italics added.)

Following trial of the declaratory relief action the court found "At the time of said accident Washington was an employee of Horne and any injuries sustained in said accident by Washington were sustained in the course and scope of his employment by Horne."

Since Washington's principal contention on his appeal is that the court's findings on "employment" are unsupported by the evidence, we point out the well-known "substantial evidence" rule. *Green Trees Enterprises, Inc.* v. *Palm Springs Alpine Estates, Inc.,* 66 Cal.2d 782, 784-785 [59 Cal.Rptr. 141, 427 P.2d 805], expresses this rule as follows: "When a finding of fact is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact. [Citations.] When two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court. [Citations.]"

At the trial, or in earlier declarations there admitted in evidence (the declarations were admitted generally and without objection), Horne related the following. His principal occupation was that of a helper for the Scavengers' Protective Association. However, for several years he had had "a side business as a metal dealer"; it was a scrap iron business. In the business he operated his own truck, the insured vehicle of the case. Business cards used by him recited "B. F. Horne, Metal Dealer, 2674 San Jose Avenue, scrap metal; aluminum, brass and copper." Bert Washington had gone on scrap metal business trips with him in the past; he was always paid at least 10 or 15 dollars, but if Horne made a deal and "came out all right" he would get more, perhaps as much as $50. "I [Horne] would pay him when we returned home and while we were traveling or working I would pay all expenses. For example that morning [the day of the accident] at 7:30 a.m. I paid the bill for breakfast for the two of us and had paid for the earlier meals on the trip. Burt had driven the truck to Truckee and I wasn't sleepy so I told him to get some sleep and I would drive for a while." A short time later the subject accident occurred. Washington "was not a partner." Horne had no business license and carried no workmen's compensation insurance.

There was evidence in conflict with that which we have related. In the

main it consisted of Horne's trial repudiation of his earlier admissions; he said they were falsely made on the advice of an attorney. But as we have indicated the "substantial evidence" rule must be applied.

It is held that where "a person performing work for another is subject to the order, control and direction of such other and is liable to be discharged for disobedience, he is . . . an 'employee.'" (*Chavez* v. *Sprague,* 209 Cal.App.2d 101, 111 [25 Cal.Rptr. 603]; see also *Robinson* v. *George,* 16 Cal.2d 238, 243-244 [105 P.2d 914].) ■ While payment of wages for such services is evidence tending to show such a relationship, such payment is not necessary to one's status as an employee. (See *Tucker* v. *Cooper,* 172 Cal. 663 [158 P. 181]; *Chavez* v. *Sprague, supra,* 209 Cal.App.2d 101, 111.) Here, of course, wages were paid or at least impliedly agreed upon. Labor Code sections 2750 and 3000 relate to employment relations generally. Defining "contract of employment," section 2750 states: "The contract of employment is a contract by which one, who is called the employer, engages another, who is called the employee, to do something for the benefit of the employer or a third person." Section 3000 provides: "A servant is one who is employed to render personal service to his employer, other than in the pursuit of an independent calling, and who in such service remains entirely under the control and direction of the employer, who is called his master."

It will readily be seen that the evidence before the trial court was reasonably supportive of the finding that Washington was Horne's employee and that his injuries were sustained in the course and scope of such employment. We may not in such a case substitute our conclusions, even should they differ, for those of the trier of fact. (*Mantonya* v. *Bratlie,* 33 Cal.2d 120, 128 [199 P.2d 677].)

It is suggested, however, that the provisions of the Workmen's Compensation Act (Lab. Code, §§ 3201-6002) must determine the issue of Washington's employment.

Labor Code section 3351 provides as pertinent: "'Employee' means every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed, . . ." Section 3352 of that code provides in part: "'Employee' excludes: (a) Any person whose employment is both casual *and* not in the course of the trade, business, profession, or occupation of his employer." (Note italics which have been supplied by us.) "Casual" is defined in this manner: "'Casual' refers only to employments where the work contemplated is to be completed in not exceeding 10 working days, without regard to the number of men employed, and where the total labor cost of such work is less than one hundred dollars ($100); such amount not

to include charges other than for personal services." (Lab. Code, § 3354.) And Labor Code section 3355 states: " 'Course of trade, business, profession or occupation of his employer' includes all services tending toward the preservation, maintenance, or operation of the business, business premises, or business property of the employer."

The evidence of the case before us reasonably discloses Washington to have been in the service of Horne under a contract of hire. (Lab. Code, § 3351.) Although the employment must be deemed "casual" (§ 3354), it was nevertheless in the "course of the trade, business, profession, or occupation of the employer, Horne." (Lab. Code, § 3355.) The exclusion of section 3352 therefore does not apply. It follows that Washington may also be deemed an employee of Horne under the Workmen's Compensation Act. Supporting our conclusion is Labor Code section 3357 which states: "Any person rendering service for another, other than as an independent contractor, or unless expressly excluded herein, is presumed to be an employee."

■ We conclude that under the general law *and* under the Workmen's Compensation Act, the trial court's findings that Washington was an employee of Horne and that his injuries were sustained in the course of that employment are supported by substantial evidence and are without error.

■ We note additionally the provisions of Vehicle Code section 16454 which state: "Any motor vehicle liability policy need not cover any liability for injury . . . imposed upon the assured under any workmen's compensation law . . . ." An employer, such as Horne, is liable under the Workmen's Compensation Act for injuries sustained by an employee in the course and scope of the employment. Vehicle Code section 16454 thus constitutes express statutory authority for an exclusion provision such as that here under consideration.

We are urged to find the subject exclusion clause ambiguous and to apply the well-known rule that such ambiguity is to be resolved against the insurer. This we cannot do for we see no ambiguity; the policy clearly excludes from its coverage "employees" of Horne.

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.