RAWLS, Chief Judge.
By this appeal Sunnyhill contends that the trial judge erred in entering a summary final judgment in favor of appellee Aet-na Casualty and Surety Insurance Company.
This controversy arose out of an injury sustained by an employee of Sunnyhill during the course of his employment. Aetna had issued to Sunnyhill a comprehensive general liability insurance policy which contained the following exclusionary provisions, viz:
“(d) Under coverages A and C, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen’s compensation, unemployment compensation, or disability benefit law, or under any similar law;
“The insurance under this [farms] endorsement does not apply:
“ . . . (b) to bodily injury to or sickness, disease or death of any farm employee arising out of and in the course of his employment if benefits therefor are in whole or in part either payable or required to be provided under any workmen’s compensation law.”
The subject employee was injured while repairing a farm tractor and successfully prosecuted a claim pursuant to the provisions of the Workmen’s Compensation Law, but did not execute upon the judgment.[1] He subsequently sued Sunny-hill in a negligence action in which a jury verdict in the sum of $35,000.00 in his favor was returned. Thereafter, Sunnyhill filed the instant action reciting the existence of the foregoing policy of liability insurance and claiming that Aetna had wrongfully refused to extend coverage for the employee’s accident and had wrongfully refused to defend the employee’s negligence action.
Sunnyhill insists that the farm endorsement provision of the insurance policy specifically includes the maintenance of “automobiles and teams and duties of a similar *774 nature not in connection with an insured's business other than farming”, and that the injury sustained by its employee was within this coverage. The trial court in rejecting coverage and entering the summary judgment in favor of Aetna found that the undisputed facts resolved by the industrial claim court, together with “the pleadings, depositions, affidavits and evidence herein demonstrate that Robert Raymond Reitz [Sunnyhill’s employee] was entitled to the benefits of workmen’s compensation and that benefits were either ‘payable or required to be provided’. Because benefits were either payable or required to be provided by workmen’s compensation law, the exclusion set out above was applicable.”
We agree with the findings and conclusion of the trial judge. Sunnyhill is not entitled to receive that which it did not buy; that is workmen’s compensation coverage in a comprehensive liability policy which specifically excluded such coverage.
Affirmed.
WIGGINTON, JOHN T., and CARROLL, CHARLES A., Associate Judges, concur.

. Sunnyhill had not complied with Chapter 440, Florida Statutes, F.S.A., as to workmen’s compensation coverage.