[Civ. No. 45021. Second Dist., Div. Two. June 26, 1975.]

JOHN R. BAILEY, Plaintiff and Appellant, v.
INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB
OF SOUTHERN CALIFORNIA, Defendant and Respondent.

**COUNSEL**

Wagner, Scuderi & Bixby and Jerome M. Wagner for Plaintiff and Appellant.

Gilbert, Kelly, Crowley & Jennett, William D. Jennett and Ellis J. Horvitz for Defendant and Respondent.

**OPINION**

**BEACH, J.**—Plaintiff in a declaratory relief action appeals from a judgment for defendant entered following a nonjury trial based upon a stipulated set of facts.

At issue is the interpretation of an exclusion clause in the policy of automobile insurance written by the defendant for coverage of the plaintiff. The policy includes a provision for payment of medical expenses. The exclusion under consideration reads as follows: "This policy does not apply to bodily injury sustained by any person if benefits

therefor are in whole or in part either payable or required to be provided under any Workmen's Compensation Law."

It was stipulated that plaintiff, while in the course of his employment, was involved in an automobile accident and sustained bodily injury and medical expenses in connection therewith. It was further stipulated that plaintiff's employer had in force and effect workmen's compensation coverage but that at no time did plaintiff request payment of any of his medical expenses incurred as a result of the accident from either his employer or the workmen's compensation carrier. There is no language in the policy beyond that contained in the exclusion quoted above which requires or obligates plaintiff to seek workmen's compensation benefits. The trial court concluded that the purpose of the exclusion was "to exclude from policy coverage expense for medical services for bodily injury which was in whole or in part either payable or required to be paid under California Workmen's Compensation Law, . . . and is not predicated on and does not require that Plaintiff actually receive compensation under the Workmen's Compensation Law in order to be operative." We agree and affirm the judgment.

■ While it is true that ". . . the burden rests upon the insurer to phrase exceptions and exclusions in clear and unmistakable language," (*Harris* v. *Glens Falls Ins. Co.,* 6 Cal.3d 699, at p. 701 [100 Cal.Rptr. 133, 493 P.2d 861]) and exclusionary clauses "must be conspicuous, plain and clear," (*Steven* v. *Fidelity & Casualty Co.,* 58 Cal.2d 862 [27 Cal.Rptr. 172, 377 P.2d 284]) when an exclusion meets these criteria it will be enforced according to its terms. (*New York Life Ins. Co.* v. *Hollender,* 38 Cal.2d 73 [237 P.2d 510]; *Allstate Ins. Co.* v. *Shmitka,* 12 Cal.App.3d 59 [90 Cal.Rptr. 399].)

In *Burkett* v. *Continental Cas. Co.,* 271 Cal.App.2d 360 [76 Cal.Rptr. 476], a case upon which plaintiff relies heavily, an exclusion in a disability insurance policy provided that the benefits were subject to deduction for amounts representing workmen's compensation benefits "paid or payable." The plaintiff there did not apply for workmen's compensation benefits. The Court of Appeal in applying the rule of strict interpretation against the insurer held that the phrase "paid or payable" could be interpreted to mean only workmen's compensation benefits either paid or awarded but not collected, and that language placed no obligation on the insured to apply for workmen's compensation benefits.

On the other hand, in *Laing* v. *Occidental Life Ins. Co.,* 244 Cal.App.2d 811, at page 814 [53 Cal.Rptr. 681], another division of the Court of Appeal held an exclusion which read " '. . . no Medical Expense Benefits shall be payable for or on account of: . . . (4) Any bodily injury or sickness for which the person on whom claim is presented has or had a right to compensation under any workmen's compensation or occupational disease law, . . .' " to be effective whether or not the insured had actually received such benefit.

The Supreme Court of California in *Silberg* v. *California Life Ins. Co.,* 11 Cal.3d 452 [113 Cal.Rptr. 711, 521 P.2d 1103], citing with approval *Laing, supra,* along with comparable decisions from other jurisdictions, held that a clause which can, without conflicting or creating an ambiguity, when read in conjunction with other parts of the policy, be interpreted as excluding persons eligible for workmen's compensation benefits, will serve to deny coverage to such persons whether or not they receive such benefits.

■ The clause now engaging our attention is clear, unambiguous and not in conflict with other provisions of the policy. ■ Workmen's compensation coverage is an integral part of our insurance system in providing medical coverage for persons injured in the course of their employment, and a person who has been injured in the course of his employment through the acts of a third party tortfeasor generally looks to the workmen's compensation carrier as the primary provider of medical benefits. (For example, see *Witt* v. *Jackson,* 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641]; *Carden* v. *Otto,* 37 Cal.App.3d 887 [112 Cal.Rptr. 749]; *Brown* v. *Superior Court,* 3 Cal.3d 427 [90 Cal.Rptr. 737, 476 P.2d 105]; *Corley* v. *Workmen's Comp. Appeals Bd.,* 22 Cal.App.3d 447 [99 Cal.Rptr. 242].) Hence, it has become commonplace in various forms of medical and disability insurance policies to include an exclusion from the policy for benefits obtainable under workmen's compensation law. These exclusions are clearly consistent with public policy. (See Ins. Code, § 11580.2; Veh. Code, § 16454; *Key Ins. Exchange* v. *Washington,* 7 Cal.App.3d 209 [86 Cal.Rptr. 542].)

■ The exclusion in question here applies whether workmen's compensation benefits are "payable" either "in whole or in part" and manifests a clear intention to exclude coverage for any injury incurred in the course and scope of employment and to leave the entire matter of medical coverage under those circumstances to the workmen's compensation law.

The term "payable" is defined in Black's Law Dictionary as "capable of being paid; suitable to be paid; admitting or demanding payment; justly done, legally enforceable." Under that definition the word "payable" standing alone might be ambiguous. (*Burkett* v. *Continental Cas. Co., supra,* 271 Cal.App.2d 360.) However, the additional language "or required to be provided under any workmen's compensation law" creates an exclusion which is susceptible of only one reasonable and logical interpretation. That interpretation is that the policy excludes coverage for an injury for which the insured is eligible for workmen's compensation benefits. The plaintiff's voluntary decision not to seek those benefits cannot expand the insurer's liability under the contract of insurance.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 28, 1975.