# RESCRIPT OPINIONS.

HANOVER INSURANCE COMPANY *vs.* PAUL M. RAMSEY & another.[1] June 15, 1989. *Workmen's Compensation Act*, Uninsured employer. *Insurance*, Motor vehicle insurance. *Words*, "Entitled to."

On May 15, 1982, Paul M. Ramsey was injured while he was a passenger in a vehicle owned and operated by his employer, Howard R. Beausang. At the time of the accident, Ramsey was acting in the course and scope of his employment. As Ramsey's employer, Beausang was required by G. L. c. 152, § 25A (1986 ed.), to obtain a workers' compensation policy for Ramsey's benefit, but had failed to obtain such a policy. Ramsey sued Beausang, prevailed at trial, and won a judgment of $38,870.97. Ramsey then sought satisfaction of his judgment from Hanover Insurance Company (Hanover), which insured Beausang's vehicle at the time of the accident.

Hanover's policy insuring Beausang (policy) excludes from coverage "any employee of the insured who is entitled to payments or benefits under the provisions of the Massachusetts Workers' Compensation Act." After Ramsey sought satisfaction of his judgment against Beausang from Hanover, Hanover brought this declaratory judgment action against Ramsey and Beausang, arguing that the exclusion precludes Ramsey from recovering. A judge in the Superior Court entered summary judgment in favor of Hanover, declaring that Ramsey could not recover under Beausang's automobile policy. We affirm.

The question is whether an employee should be considered "entitled to" workers' compensation benefits, within the meaning of an exclusion to an insurance policy, when his employer is required by law to obtain workers' compensation insurance but has in fact failed to do so.[2] When the words of an insurance contract "are plain and free from ambiguity they must be construed in their usual and ordinary sense." *Sherman* v. *Employers' Liab. Assurance Corp. Ltd.*, 343 Mass. 354, 356 (1961). Ramsey was "entitled to" workers' compensation benefits because every employer is required to "provide for the payment to his employees of the compensation provided for by [G. L. c. 152]." G. L. c. 152, § 25A. See also G. L. c. 152, § 26

---

[1] Howard R. Beausang.

[2] In his brief, Ramsey also has argued in the alternative that, if he is excluded from coverage because he is entitled to workers' compensation, he should be entitled to coverage under the uninsured motorist coverage of the same policy. At oral argument, Ramsey waived this argument. Thus, we do not discuss this issue.

("an employee . . . shall be paid compensation by the insurer or self-in-surer"). Further, an employer such as Beausang who has failed to obtain workers' compensation as required by statute should not automatically be entitled to indemnification from his insurance company for the liability which results from his failure to follow the workers' compensation law.[3]

Ramsey relies on several older cases of this court for the proposition that an employee is not considered to be "entitled to" workers' compensation if his employer has not obtained workers' compensation insurance. See *Service Mut. Liab. Ins. Co.* v. *Aronofsky*, 308 Mass. 249, 252 (1941); *Adams* v. *American Employers Ins. Co.*, 292 Mass. 260, 262 (1935); *Rose* v. *Franklin Sur. Co.*, 281 Mass. 538, 541 (1933). These cases were decided before the Legislature made workers' compensation mandatory for employers. Previously, when an employer did not obtain workers' compensation, the employee was in no way "entitled to" it. At that time, the employer had a choice whether to purchase workers' compensation insurance. That situation has changed, however, because the "Workmen's Compensation Act has been compulsory for most employers since 1943," *Brown* v. *Leighton*, 385 Mass. 757, 760 (1982), and thus almost all employees, like Ramsey, are entitled to compensation.

We therefore read the policy's exclusion of employees "entitled to" workers' compensation benefits to include those employees whose employer was required to obtain workers' compensation insurance. Ramsey argues that our reading renders superfluous other provisions in the policy which exclude "employees." We do not agree. Ramsey appears to assume that employees "entitled to" workers' compensation under our reading includes all employees in Massachusetts. Some employees, however, are not statutorily entitled to the coverage of workers' compensation. See, e.g., G. L. c. 152, § 1 (4) (1986 ed.). The policy's other exclusions of "employees" are necessary to exclude the employees not covered by the workers' compensation statute and thus not "entitled to" workers' compensation.

*Judgment affirmed.*

*Brian J. Mone* for the defendants.
*Stephen M.A. Woodworth* for the plaintiff.

---

[3] An employer who has failed to obtain workers' compensation insurance can be held liable essentially in all cases in which the employee can prove that he was injured in the course of his work. In such cases, when the employee brings a lawsuit, the employer cannot claim as a defense that the employer was not negligent or at fault, or that the employee was comparatively negligent, or that the employee assumed the risk. G. L. c. 152, § 66.

