King, J.
INTRODUCTION
Commercial Union Insurance Company (Commercial Union) seeks declaratory relief with respect to an umbrella insurance policy issued to Steven R. and Susan M. Fedele (the Fedeles). The policy contained an expiration date of November 30, 1989. On December 1, 1989, the Fedeles, son Jason, and Kevin Connors (Connors) were involved in an automobile accident in which Jason was killed and Connors sustained serious injury. The only issue before the court is whether the Fedeles, umbrella policy with Commercial Union was in effect on December 1, 1989, the day of the accident. Commercial Union now moves for summary judgment. Two defendant insurance agents, Mahoney & Wright Insurance Agency, Inc. (Mahoney & Wright) and Rogers & Gray Insurance Agency, Inc. (Rogers & Gray) have filed cross-motions for summary judgment. A hearing on the motions was held on January 11, 1995. For the following reasons Commercial Union’s motion for summary judgment is allowed. The cross-motions for summary judgment of Rogers & Gray and Mahoney & Wright are denied.
BACKGROUND
The material undisputed facts are as follows. Sometime in 1988, Mr. Fedele asked Rogers & Gray to obtain various liability insurance policies for him and his family. Rogers & Gray submitted an umbrella application to Commercial Union which stated, “[a)ll policies being moved to CU upon expiration through this agency.” Rogers & Gray obtained a homeowners policy from Commercial Union for Mr. Fedele effective November 30, 1988 through November 30,1989, concurrent with the policy period of Commercial Union umbrella policy No. Y51 80 15. Commercial Union also issued an automobile policy and a boat/yacht policy to Mr. Fedele, and effective August 9, 1989 through August 9, 1990, Commercial Union issued an automobile policy with $500,000 of personal liability coverage to Jason. The Fedeles’ umbrella policy had a limit of $1,000,000 and also covered Jason.
On or about June, 1989, Mr. Fedele spoke with Edward Ball of Mahoney & Wright and directed him to transfer all of Mr. Fedele’s insurance policies, for all commercial and personal needs, to other insurers. The transfer was to include his personal umbrella policy obtained through Rogers & Gray, along with his homeowners insurance policy. At that time, Mr. Fedele gave all of his policies to Mahoney & Wright for their review so they could pick up each policy as each policy expired or needed renewal.[2]
Approximately one week later, Mr. Ball brought the policies Mr. Fedele had given to him back as he had made copies for his own use. Mr. Fedele was assured on several occasions that Mahoney & Wright would transfer all of his insurance policies in a timely manner.
Pursuant to Mr. Fedele’s instructions to transfer his insurance, Mahoney & Wright cancelled Commercial Union’s boat/yacht policy effective November 6, 1989, and replaced it with a new harbormaster policy effective October 24, 1989 to October 24, 1990.
Commercial Union renewed its homeowners policy with Mr. Fedele on October 11, 1989, and sent the renewal homeowners policy, effective November 30, 1989 to November 30, 1990, to Rogers & Gray.
By letter dated October 19, 1989 Claire A. Ball (of Mahoney & Wright) advised Rogers & Gray that:
Effective 11/30/89 this agency will be writing the Homeowners policy for the Fidele’s [sic].
Mr. and Mrs. Fedele wish to thank you for all past courtesies.
A copy of the letter was sent to Mr. Fedele. In response to this letter, on October 27, 1989 Rogers & Gray requested that Commercial Union cancel Mr. Fedele’s renewal homeowners policy effective November 30, 1989, and this was done. Rogers & Gray also returned the homeowners renewal policy to Commercial Union unsigned. Thereafter, Mahoney & Wright *603 placed the Fedeles’ homeowners policy with a new insurance company.
Mahoney & Wright did not send an application for a new umbrella liability policy to a new insurance company until November 28, 1989. Mr. Fedele discovered this sometime after November 28, 1989 and before the December 1, 1989 accident.
At approximately 10:30 p.m. on December 1, 1989, Connors was seriously injured in an automobile accident when his vehicle collided with a vehicle driven by Jason, who was driving in the opposite direction. A claim was made by Connors against Jason’s estate. After suit was filed, the case was settled with Commercial Union paying out $455,000 on Jason’s automobile personal injury policy. Commercial Union informed Connors’ counsel that the Fedeles’ one million dollar umbrella policy was not available to Connors because it had expired the day before the accident. A general release was given by Connors to the administrator of Jason’s estate. A written assignment of rights which Jason had against Mahoney & Wright was given to Connors by the administrator of the estate as part of the settlement.
On or about November 24,1992, suit was instituted by Connors, individually and as assignee of the estate of Jason, against Mahoney & Wright in Massachusetts Superior Court, Barnstable County, alleging negligence and violation of c. 93A in connection with the lapse of umbrella coverage for Mr. Fedele and his son Jason on November 30, 1989. In the Barnstable County action an issue was raised as to whether Commercial Union’s umbrella policy was in effect at the time of Jason’s accident. As a consequence, Commercial Union filed the present complaint for declaratory relief on June 24, 1994.
DISCUSSION
Summary judgment shall be granted where (1) there are no material facts in dispute and (2) the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ. P. 56(c). The moving parly bears the burden of affirmatively demonstrating these elements. Pederson v. Time. Inc. 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial, may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Commercial Union seeks a judgment declaring that it has no obligation to indemnify Connors on account of the accident which occurred on December 1, 1989 because the umbrella policy issued to the Fedeles expired on November 30, 1989. Rogers & Gray, Mahoney & Wright and Connors argue that, based on the unambiguous terms of the umbrella policy and Massachusetts statutory law, the policy was automatically renewed and in effect on the date of the accident.
The umbrella policy contained the following “Non-Renewal” clause:
Section 11. Non-Renewal
We may elect not to renew this policy. We may do so by delivery to you or mailing to you at your mailing address shown in the Declarations, written notice at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.
Where the words of an insurance contract are “plain and free from ambiguity they must be construed in their usual and ordinary sense.” Jacobs v. U.S. Fidelity & Guaranty Co., 417 Mass. 75, 77 (1994), citing, Hanover Ins. Co. v. Ramsey, 405 Mass. 1101, 1101 (1989). The policy language is clear; if Commercial Union chose not to renew the Fedeles’ umbrella policy, it was to provide written notice of nonrenewal to the insured at least 30 days prior to the expiration date of November 30, 1989.
There is no dispute that Commercial Union never sent the insured or its agent any such notice of nonrenewal. Nevertheless, Commercial Union argues that, under the policy, it is only obligated to send notice of nonrenewal where it elects not to renew. Commercial Union maintains that, by its own clear language, the nonrenewal clause does not apply in the present case because the insured, and not Commercial Union, elected not to renew the policy.
The court agrees that the nonrenewal clause has no application where it is the insured who elects not to renew. The purpose of the nonrenewal clause is plain. The clause was intended to put the insured on notice of a potential lapse in coverage should the insurer decide, for whatever reason, not to renew. This non-renewal notice would give the insured time to procure other coverage. But where the insured opts to take his business elsewhere, this notice safefy-net serves no purpose and is not triggered under the plain language of the policy. See, Chisolm v. Commonwealth Mortgage Co., Inc., 37 Mass.App.Ct. 925, 926 (1994) (discussing purpose of policy language in nonrenewal clause).
The undisputed material facts establish that the insured intended to move his policies from Commercial Union to another insurer. The parties agree that *604 Commercial Union sent a renewal homeowners policy to Rogers & Gray that would have been effective November 30, 1989, to November 30, 1990 and that the renewal policy was returned, unsigned, to Commercial Union. The parties also agree that, acting as the Fedeles’ agent, Ms. Ball of Mahoney & Wrightwrote to Rogers & Gray on October 19, 1989 informing Rogers & Gray that “(ejffective 11/30/89 this agency will be writing the Homeowners policy for the Fidele’s [sic].” Finally, there is no dispute that on October 27, 1989, shortly after Ms. Ball’s letter to Rogers & Gray, Rogers & Gray requested that Commercial Union cancel the renewal homeowners policy effective November 30, 1989.
At the very least, these undisputed facts show that Mr. Fedele intended not to renew his homeowners policy with Commercial Union, and that he had communicated this intent to Commercial Union through his insurance agent. Commercial Union claims via the affidavit of its employee Patrick Duart, a Senior Personal Lines Properly Underwriter, that it is the custom and practice in the insurance industry not to issue or renew an umbrella policy unless there is a corresponding homeowners policy. This assertion is not seriously contested by the other parties, and the court accepts it as true. Once Commercial Union learned that the Fedeles’ homeowners policy was being placed with a different company, Commercial Union expected that the umbrella policy would also be picked up by another company.
Whether Mahoney & Wright, contrary to Mr. Fedele’s instructions, allowed a gap to occur in the Fedele’s coverage by failing to obtain another policy is not at issue here. The only question is whether Commercial Union elected not to renew the umbrella policy. It is uncontested that Commercial Union made no such election.[3]
ORDER
Accordingly, it is hereby ORDERED that:
1. Commercial Union Insurance Company’s motion for summary judgment is ALLOWED.
2. Rogers & Gray’s and Mahoney & Wright’s motions for summary judgment are DENIED.
3. Judgment shall enter declaring that Commercial Union Insurance Company’s umbrella policy No. Y51 80 15 was not in effect on December 1, 1989.

The court was provided with a copy of an affidavit of Steven Fedele that purports to corroborate the above facts. That document states that:
On or about June 1989, I spoke with Edward Ball of Mahoney and Wright Insurance Agency and we started to transfer all insurance policies held by me for all of my commercial and personal needs, including a personal umbrella policy held by Rogers & Gray Insurance Agency along with my homeowners insurance policy.
Affidavit of Steven Fedele, para. 2. The court declines to rely on this submission since it is not an original affidavit and was not prepared for this case. Nonetheless, these same facts may be gleaned from the summary judgment materials that are properly before the court.

Rogers & Gray and Mahoney & Wright also argue that the statutory framework governing nonrenewal of insurance policies was intended to protect the consumer against loss of coverage without notice. See, G. L. c. 175, §§113F, 193P.They argue that an insurer is required to issue a notice of non-renewal if it intends not to renew an automobile liability policy. G. L.c. 175, §113F. And, similarly, an insurer that does not intend to renew a fire insurance policy must issue a notice of nonrenewal. G. L.c. 175, §193P. These statutes contain essentially the same language as the nonrenewal clause in the umbrella policy in question, but like the policy itself, they do not contemplate any notice requirement where it is the insured who intends not to renew.