Anna RUBIN, Plaintiff–Appellant,

v.

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Defendant–Appellee.

No. 98–16961.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2000.

Filed May 28, 2002.

Anthony P. Sgro, Patti & Sgro, Las Vegas, NV, for the plaintiff-appellant.

David B. Gass, Lewis and Roca LLP, Phoenix, AZ, and Douglas L. Christian; Christian and Petersen LLP, Las Vegas, NV, for the defendant-appellee.

Before HUG, D.W. NELSON and McKEOWN, Circuit Judges.

## OPINION

HUG, Circuit Judge:

This appeal involves a question of Nevada state law upon which there was no clear precedent, and which was an essential determinant of this appeal. We certified two questions to the Nevada Supreme Court, which accepted the certification and rendered its decision.

### Background

The background of the case is set forth in the order of certification (222 F.3d 750), which we repeat here for clarity of this opinion.

On February 15, 1994, appellant Anna Marie Rubin was injured in an automobile accident while picking up supplies for her business. Because the accident occurred in the course of Rubin's employment, Rubin submitted her medical bills to Nevada's State Industrial Insurance System ("SIIS"). SIIS paid her medical expenses and some lost wages and other costs, but informed Rubin that she was required to reimburse SIIS if she recovered any damages from the other parties involved in the accident. Rubin sued the other parties involved in her accident and eventually reached a compromise settlement with both defendants. Rubin states that she subsequently reimbursed SIIS for 80% of the medical expenses it paid and that she is in negotiation with SIIS regarding the other 20% (presumably for litigation expenses).

When Rubin learned that SIIS expected to be reimbursed, she submitted a claim for her medical expenses, totaling $11,759.07, to State Farm for payment under the medical payments provision of her automobile insurance policy. This provision entitles Rubin to payments of medical expenses irrespective of her fault or the fault of anyone involved in the accident with her. However, the provision specifies that "[t]here is no coverage ... for medical expenses for bodily injury ... to the extent that worker's compensation benefits are required to be payable." State Farm refused to cover Rubin's medical expenses on the basis of this exclusion.

Rubin filed suit against State Farm in Nevada state court for breach of insurance contract, bad faith denial of coverage, and for punitive damages. State Farm removed the action to federal court. On August 3, 1998, the district court granted summary judgment in favor of State Farm. The district court found that State Farm was not required under the terms of

its policy with Rubin to cover medical bills paid for by SIIS and that Rubin had not provided any evidence that she had incurred medical expenses that were not covered by SIIS. Rubin timely appealed. Before our court, Rubin contends that the district court erred in concluding that the medical payments were excluded under the terms of her State Farm insurance policy. Rubin further contends that even if the policy intended to exclude coverage under the circumstances of her case, such an exclusion violates Nevada law.

The two questions of law certified to the Nevada Supreme Court are:

1.  Under Nevada law, does a provision in an automobile insurance policy excluding coverage for medical expenses resulting from bodily injury for which worker's compensation is payable apply to medical expenses that are paid by worker's compensation but recovered from a third-party tortfeasor?

2.  If the exclusionary clause is interpreted to be applicable to those expenses, does it violate Nevada public policy?

The Nevada Supreme Court in its opinion stated:

> As we conclude that the policy exclusion at issue does not apply to medical expenses initially paid by workers' compensation but ultimately reimbursed from the insured's third-party recovery, we answer the first question in the negative and need not address the second question.

*Rubin v. State Farm Mut. Auto. Ins. Co.,* 43 P.3d 1018, 1019 (Nev.2002). We attach a copy of the Nevada Supreme Court opinion which gives its reasons and analysis.

This interpretation of Nevada law by the Nevada Supreme Court requires reversal of the summary judgment. Therefore, the summary judgment entered by the district court is reversed and the case is remanded for further proceedings.

REVERSED and REMANDED.

APPENDIX

29

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANNA RUBIN,
Appellant,
   vs.
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Respondent.

No. 36631

**FILED**

APR 12 2002

JANETTE M. BLOOM
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Certified questions from the United States Court of Appeals for the Ninth Circuit.

First question answered.

Patti & Sgro, Las Vegas,
for Appellant.

Christian & Petersen, Las Vegas; Lewis & Roca and James E. Berchtold and Von S. Heinz, Las Vegas; Pearson, Patton, Shea, Foley & Kurtz, Las Vegas; Lewis & Roca and David Gass and Susan M. Freeman, Phoenix, Arizona,
for Respondent.

BEFORE THE COURT EN BANC.

OPINION

By the Court, MAUPIN, C.J.:

In this case, we are asked by the United States Court of Appeals for the Ninth Circuit to answer two certified questions:

1. Under Nevada law, does a provision in an automobile insurance policy excluding coverage for medical expenses resulting from bodily injury for which workers' compensation is payable apply to medical

02-06543

expenses that are paid by workers' compensation but recovered from a third-party tortfeasor?

2. If the exclusionary clause is interpreted to apply to those expenses, does it violate Nevada public policy?

As we conclude that the policy exclusion at issue does not apply to medical expenses initially paid by workers' compensation but ultimately reimbursed from the insured's third-party recovery, we answer the first question in the negative and need not address the second question.

## FACTS

On February 15, 1994, Anna Rubin was struck by a vehicle while walking near the loading dock of a grocery store. At the time, she was acting within the course and scope of her employment. The State Industrial Insurance System ("SIIS"),[1] paid Rubin's medical bills, which totaled more than $11,500.00. When SIIS realized that Rubin's injuries resulted from the negligent acts of one or more third-party tortfeasors, it notified Rubin that it would seek full reimbursement from any third-party recoveries obtained by Rubin. NRS 616C.215 gives SIIS a right to reimbursement by creating a lien on the "total proceeds" that an injured employee recovers from third persons, which might include recovery for non-economic as well as economic damages.[2]

---

[1] In July 2000, SIIS was renamed Employer's Insurance Company of Nevada. For purposes of this opinion, however, we will continue to refer to the entity as "SIIS."

[2] Breen v. Caesars Palace, 102 Nev. 79, 715 P.2d 1070 (1986).

After receiving this notice from SIIS, Rubin sought insurance proceeds from the third-party driver and the owner of the grocery store where the injury occurred (collectively the "tortfeasors"). She also filed a claim with her personal automobile insurance carrier, State Farm Mutual Automobile Insurance Company, for medical payment benefits.

Rubin ultimately engaged in prolonged litigation with the tortfeasors and eventually settled with both. According to Rubin's affidavit, after she settled with both tortfeasors, SIIS required her to reimburse it eighty percent of the amount that it had asserted as its lien. Rubin and SIIS were still negotiating over the remaining twenty percent at the time she signed her affidavit.[3]

As previously noted, Rubin also sought compensation from State Farm for the full amount of her medical expenses. State Farm, however, denied coverage, citing an exclusionary clause in her policy:

THERE IS NO COVERAGE:

. . . .

4. FOR MEDICAL EXPENSES FOR BODILY INJURY:

. . . .

b. TO THE EXTENT WORKER'S COMPENSATION BENEFITS ARE REQUIRED TO BE PAYABLE . . . .

---

[3]Under Breen, 102 Nev. at 84-85, 715 P.2d at 1073-74, SIIS must contribute a proportionate share of litigation expenses. Negotiations over the remaining twenty percent of SIIS's lien may have concerned the respective amounts Rubin and SIIS owe for these expenses.

State Farm took the position that because SIIS paid Rubin's medical bills, the exclusion was triggered and any coverage from State Farm would result in a double recovery of medical expenses.

In light of this position, Rubin filed an action against State Farm in Nevada state court, alleging breach of contract and bad faith denial of coverage. Rubin's amended complaint alleged that she suffered the full amount of damages, $11,759.07, and thus requested damages in an amount in excess of $10,000.00, as well as punitive damages.

State Farm successfully removed the matter to federal district court and filed a motion for summary judgment, which Rubin opposed. The federal district court granted the motion, concluding that State Farm's exclusion controlled and that State Farm was entitled to judgment as a matter of law because Rubin could not prove that she had any medical bills that were not paid or payable by SIIS.

Rubin appealed to the Ninth Circuit, which concluded that the issue determined by the district court should instead be considered by the Nevada Supreme Court. Accordingly, the Ninth Circuit certified its two questions to this court.[4]

## DISCUSSION

Does a provision in an automobile insurance policy excluding coverage for medical expenses resulting from bodily injury for which workers' compensation is payable apply to medical expenses that are paid by workers' compensation but recovered from a third-party tortfeasor?

The first question certified by the Ninth Circuit asks us to determine whether State Farm's exclusion applies, as a matter of contract

---

[4]See Rubin v. State Farm Mut. Auto. Ins. Co., 222 F.3d 750 (9th Cir. 2000).

interpretation, to medical expenses that are paid by workers' compensation but subsequently reimbursed from the insured's third-party recovery. To resolve the question, we must examine the policy's language.

We have held that in determining an insurance policy's meaning, we should examine the language from a layperson's viewpoint.[5] Additionally, an insurer that intends to restrict a policy's coverage must use language that clearly communicates the scope of the limitation to the insured.[6] Finally, any ambiguity or uncertainty in the policy must be construed against the insurer and in favor of coverage for the insured.[7]

In this case, the exclusion states that "[t]here is no coverage . . . for medical expenses for bodily injury: . . . to the extent worker's compensation benefits are required to be payable." Rubin contends that the "required to be payable" language refers to benefits that are non-returnable or non-refundable to SIIS. Therefore, Rubin argues that because the medical benefits initially advanced to Rubin by SIIS were, in large part, reimbursed through her later third-party recoveries, her medical expenses were not within the exclusion. State Farm, for its part, asserts that the exclusion is unambiguous and applies because the workers' compensation benefits were "payable."

The exclusion's language is clear when considered in the usual workers' compensation context, when an insured is injured on the job and

---

[5]National Union Fire Ins. v. Reno's Exec. Air, 100 Nev. 360, 364, 682 P.2d 1380, 1382 (1984).

[6]Id.

[7]Id. at 365, 682 P.2d at 1383 (citing Harvey's Wagon Wheel v. MacSween, 96 Nev. 215, 219-20, 606 P.2d 1095, 1098 (1980)).

receives workers' compensation benefits. The primary purpose of this anti-duplication clause is to memorialize that SIIS is the primary source of payment when an insured is involved in a work-related automobile accident, and to prevent double recovery by the insured for the same element of loss.[8] The clause in question is designed for simple application in ordinary situations when SIIS has the sole obligation to pay medical benefits, and when a third party is not legally responsible for the accident. Here, however, we are asked to determine whether the clause is enforceable when the insured has in some way been forced to reimburse the workers' compensation carrier out of personal assets. Under the construction urged by State Farm, we are asked to enforce this "other insurance" clause as an "escape clause"[9] when the insured has been rendered "out-of-pocket."

Even though the exclusion, read alone, is clear, the exclusion contains a latent ambiguity – one that exists when the exclusion is applied to the facts at issue and an uncertainty results.[10] The State Farm exclusion, when considered in the factual context presented in Rubin's case, is unclear with respect to paid but subsequently reimbursed workers' compensation benefits. Even though the benefits were not only payable, but paid, they were ultimately reimbursed through SIIS's statutory

---

[8]See Phelps v. State Farm Mut. Auto. Ins., 112 Nev. 675, 917 P.2d 944 (1996).

[9]See Lamb-Weston, Inc. v. Oregon Automobile Insurance Co., 341 P.2d 110 (Or. 1959).

[10]2 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 21.12, at 21-21 (1997).

subrogation rights; accordingly, they may be considered "payable" under the exclusion, or "not payable" since Rubin did not retain them once SIIS was reimbursed from her third-party settlement. Because of SIIS's subrogation rights, Rubin has been placed in the position of one for whom workers' compensation benefits were never payable. Thus, it is not clear that the exclusion was meant to apply in her situation.

From a layperson's pragmatic viewpoint, the exclusion was never meant to apply when the workers' compensation carrier is reimbursed, as such reimbursement nullifies the initial payment. As Rubin points out, under these circumstances, SIIS's initial payments were more akin to an advance. The exclusion's latent ambiguity must be construed against State Farm; accordingly, we conclude that it does not apply in situations such as Rubin's. Our conclusion is consistent with the exclusion's purpose, to avoid duplicate first-party benefits for medical expenses. When workers' compensation benefits have been reimbursed, any concern about duplicative payments disappears. As the Ninth Circuit pointed out in its certification order, "[w]here there is a recovery from a third-party tortfeasor, the ultimate payment of medical expenses is not by worker's compensation, but by the injured party herself."[11]

We note that although many courts have concluded that such exclusions apply to situations like Rubin's,[12] other courts have recognized that such exclusions or offset provisions lose their meaning when the

---

[11] Rubin, 222 F.3d at 752.

[12] See generally Job A. Sandoval, Annotation, Insured's Receipt of or Right to Workmen's Compensation Benefits As Affecting Recovery Under Accident, Hospital, or Medical Expense Policy, 40 A.L.R.3d 1012, 1027 (1971 & Supp. 2001).

workers' compensation insurer successfully asserts its subrogation rights on third-party proceeds.[13] The Florida Court of Appeal noted, in South Carolina Insurance Co. v. Arnold,[14] that an insured in this situation is in the same position as one who never had any workers' compensation benefits paid:

> The fact remains that since [the workers' compensation carrier's] subrogation lien has been satisfied from [the insured's] funds, [the insured] is in the same posture that he would have been if the workers' compensation payments had never been made. [The insured] should not be penalized simply because he was hurt on the job.[15]

As recognized by the Florida court, Rubin's unique factual circumstances place her in the same situation as one who never received workers' compensation benefits. Accordingly, we answer the first certified

---

[13]See, e.g., Antram v. Stuyvesant Life Insurance Company, 287 So. 2d 837, 840 (Ala. 1973) (reasoning that when an injured employee received a third-party recovery in excess of workers' compensation benefits and any benefits paid by workers' compensation were reimbursed, there was no liability on the compensation carrier to "pay" workers' compensation benefits); South Carolina Ins. Co. v. Arnold, 467 So. 2d 324 (Fla. Dist. Ct. App. 1985) (construing state statutes governing workers' compensation benefits); Grello v. Daszykowski, 379 N.E.2d 161 (N.Y. 1978) (concluding that if workers' compensation carrier executes on lien, no-fault carrier must bear loss since reimbursed amount is not an amount recovered or recoverable under workers' compensation); see also Moeller v. Associated Hospital Service, 106 N.E.2d 16, 18-19 (N.Y. 1952) (Fuld, J., dissenting) (noting that reimbursed workers' compensation benefits are temporary and urging that insurance policy excluding benefits "provided for" under workers' compensation was not intended to exclude benefits only temporarily provided).

[14]467 So. 2d 324 (Fla. Dist. Ct. App. 1985).

[15]Id. at 326; accord Moeller, 106 N.E. 2d at 19 (Fuld, J., dissenting).

question in the negative: the State Farm exclusion at issue does not apply with respect to workers' compensation benefits paid but ultimately reimbursed from the insured's third-party recovery. In light of this conclusion, we need not address the second certified question.[16]

_____, C.J.
Maupin

We concur:

_____, J.
Young

_____, J.
Shearing

_____, J.
Rose

_____, J.
Leavitt

_____, J.
Becker

---

[16]The Honorable Deborah A. Agosti, Justice, voluntarily recused herself from participation in the decision of this matter.