ECKERSTROM, Chief Judge:
¶ 1 Samuel Doneson appeals from the trial court's order granting a motion filed by appellees Farmers Insurance Exchange and Farmers Insurance Company of Arizona, Inc. (collectively "Farmers") to dismiss the complaint against them. For the following reasons, we affirm the judgment of the trial court.
Factual and Procedural Background
¶ 2 "In reviewing a trial court's decision to grant a motion to dismiss, we assume the truth of the facts asserted in the complaint." Sw. Non-Profit Housing Corp. v. Nowak , 234 Ariz. 387, ¶ 4, 322 P.3d 204 (App. 2014). In February 2016, Doneson was injured in an automobile accident. He incurred approximately $22,000 in medical expenses, a portion of which was paid by workers' compensation benefits. He recovered $15,000 from a third-party tortfeasor and, pursuant *200 to A.R.S. § 23-1023(D), was required to reimburse his workers' compensation insurer in the amount of $8,750.
¶ 3 At the time of the accident, Doneson was an insured under an automobile liability insurance policy issued by Farmers. The policy included a "medpay" provision that provided coverage for injuries sustained in an automobile accident. That policy contained an exclusion for "bodily injury" that "[o]ccurr[ed] during the course of employment if workers' or workmen's compensation benefits are required." Doneson submitted a claim for $5,000 in medical bills, which Farmers denied.
¶ 4 Doneson filed a complaint in the superior court alleging claims of breach of contract, declaratory relief, insurance bad faith, and interference with contract. Farmers filed a motion to dismiss the complaint, asserting the medpay claim was properly denied under the workers' compensation exclusion. The trial court granted Farmers's motion and dismissed the complaint with prejudice. Doneson appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).
Motion to Dismiss
¶ 5 We review a trial court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), Ariz. R. Civ. P., de novo. Blankenbaker v. Marks , 231 Ariz. 575, ¶ 6, 299 P.3d 747 (App. 2013). Doneson claims the trial court erred in finding the workers' compensation exclusion barred his claim, arguing that the court should have considered other factors including the intent of the parties, public policy considerations, and extrinsic evidence, rather than enforcing the exclusion on the basis that it was unambiguous. The interpretation of a contract is a question of law that we review de novo. Grosvenor Holdings, L.C. v. Figueroa , 222 Ariz. 588, ¶ 9, 218 P.3d 1045 (App. 2009).
¶ 6 The sole issue on appeal is whether the policy exclusion providing for no coverage when "workmen's compensation benefits are required" applies when, as here, the injured worker has recovered from a third-party tortfeasor and reimbursed the employer's insurer for workers' compensation benefits pursuant to A.R.S. § 23-1023(D). Farmers asserts that benefits are "required" when an injured employee is entitled to receive workers' compensation benefits regardless of whether the employee "sought, was ever paid, or was later required to reimburse workers' compensation benefits." Doneson claims that when an insured party reimburses a workers' compensation insurer for the benefits received, the insured has taken nothing, and therefore benefits were essentially not "required." Doneson asserts the trial court erred in failing to consider parol evidence supporting his interpretation of the provision.
¶ 7 In determining whether to consider parol evidence to interpret a contract, a "judge first considers the offered evidence and, if he or she finds that the contract language is 'reasonably susceptible' to the interpretation asserted by its proponent, the evidence is admissible to determine the meaning intended by the parties." Taylor v. State Farm Mut. Auto. Ins. Co. , 175 Ariz. 148, 154, 854 P.2d 1134, 1140 (1993). In interpreting a contract, we seek to effect the intent of the parties and may look to "the main purpose of the instrument." Phelps Dodge Corp. v. Brown , 112 Ariz. 179, 181, 540 P.2d 651, 653 (1975).
¶ 8 We do not believe the language of the exclusion is reasonably susceptible to Doneson's interpretation. In Rubin v. State Farm Mutual Automobile Insurance Co. , on which Doneson principally relies,[1] the Nevada Supreme Court considered a provision excluding coverage "to the extent worker's compensation benefits are required to be payable." 118 Nev. 299, 43 P.3d 1018, 1020 (2002). But in that case, the court concluded that the word "payable" contained a "latent ambiguity," as the benefits could be "considered 'payable' under the exclusion, or 'not payable' since [the plaintiff] did not retain *201 them once [the workers' compensation insurer] was reimbursed from [the plaintiff's] third-party settlement." Id. at 1021. "Payable" was the word that was key to the court's finding of ambiguity in that case and the primary reason the exclusion did not apply to the plaintiff. Other cases cited by Doneson similarly concerned exclusion clauses with language materially different than the language at issue here. See , e.g. , Ritenour v. State Farm Mut. Auto. Ins. Co. , 426 F.Supp.2d 681, 682 (N.D. Ohio 2006) (interpreting provision excluding coverage "to the extent workers' compensation benefits are required to be payable"); Walters v. State Farm Mut. Auto. Ins. Co. , 793 S.W.2d 217, 218 (Mo. App. 1990) (same).
¶ 9 We find Bailey v. Interinsurance Exchange , 49 Cal.App.3d 399, 122 Cal.Rptr. 508 (1975), more instructive. In that case, the policy exclusion stated, "This policy does not apply to bodily injury sustained by any person if benefits therefor are in whole or in part either payable or required to be provided under any Workmen's Compensation Law." Id. at 509. The court noted that "the word 'payable' standing alone might be ambiguous." Id. at 510. Nonetheless, the court found the policy exclusion applied because "the additional language 'or required to be provided under any workmen's compensation law' creates an exclusion which is susceptible of only one reasonable and logical interpretation." Id. ; see also Sunnyhill S., Inc. v. Aetna Cas. & Sur. Co. , 289 So.2d 772, 774 (Fla. Dist. App. 1974) ; cf. Hanover Ins. Co. v. Ramsey , 405 Mass. 1101, 539 N.E.2d 537, 537-38 (1989) (exclusion when "any employee of the insured ... is entitled to payments or benefits under the provisions of ... Workers' Compensation" applied even though employer failed to obtain workers' compensation policy).
¶ 10 Doneson claims the trial court erred by failing to apply the standard for parol evidence set forth in Taylor and instead simply determining that the language of the provision was unambiguous. But even under the Taylor standard, the party seeking to introduce extrinsic evidence must show that the language of the contract is "reasonably susceptible" to their proposed interpretation. Taylor , 175 Ariz. at 154, 854 P.2d at 1140. Although Doneson is correct that we must "interpret an insurance policy according to its plain and ordinary meaning, examining it from the viewpoint of an individual untrained in law or business," he has not explained why the average insurance consumer would attribute any other than the facially plain meaning of the provision at issue, or how the language of the contract could support his interpretation. Desert Mountain Props. Ltd. P'ship v. Liberty Mut. Fire Ins. Co. , 225 Ariz. 194, ¶ 14, 236 P.3d 421 (App. 2010).
¶ 11 Because we do not believe the policy language is "reasonably susceptible" to the interpretation proposed by Doneson, we conclude the trial court did not err in failing to consider any of Doneson's parol evidence. Taylor , 175 Ariz. at 154, 854 P.2d at 1140. We likewise conclude the trial court did not err in granting Farmers's motion to dismiss.
Attorney Fees
¶ 12 Farmers has requested their costs and attorney fees on appeal pursuant to A.R.S. § 12-341.01(A). An award of fees pursuant to this statute is discretionary, and Farmers has not explained why it is appropriate here. See Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Sw., LLC , 235 Ariz. 125, ¶ 14, 329 P.3d 229 (App. 2014). An award of costs to a successful party in a civil action, however, is mandatory. See McEvoy v. Aerotek, Inc. , 201 Ariz. 300, ¶ 9, 34 P.3d 979 (App. 2001). Doneson has also requested his attorney fees and costs on appeal, but he is not the successful party, and we therefore decline his request as well. See A.R.S. § 12-341.01.
Disposition
¶ 13 For the foregoing reasons, we affirm the ruling of the trial court dismissing Doneson's claims with prejudice. We award Farmers their costs on appeal pending compliance with Rule 21, Ariz. R. Civ. App. P.

Doneson also repeatedly cites Ferrara v. 21st Century North America Insurance Co. , a trial court decision in Pima County Superior Court Case No. C20134813. This case has no precedential value and we disregard it. See Ariz. R. Sup. Ct. 111(a)(2), (c)(1) ; Ariz. R. Civ. App. P. 28(f) ; Sw. Airlines Co. v. Ariz. Dep't of Revenue , 197 Ariz. 475, ¶¶ 11-12, 4 P.3d 1018 (App. 2000).