NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBORAH QUATTROCCHI, | No. 18-15208 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:17-cv-01578-JAM-EFB |
| ALLSTATE INDEMNITY COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 6, 2019**
San Francisco, California

Before: O'SCANNLAIN, SILER,*** and NGUYEN, Circuit Judges.

Deborah Quattrocchi appeals from the district court's judgment dismissing

her amended complaint with prejudice. We have jurisdiction under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

§ 1291. Reviewing de novo, *see Friedman v. AARP, Inc.*, 855 F.3d 1047, 1051 (9th Cir. 2017), we affirm.

An insurance policy's interpretation is a legal question that "follows the general rules of contract interpretation." *MacKinnon v. Truck Ins. Exch.*, 73 P.3d 1205, 1212 (Cal. 2003). Although "[a]ny ambiguous terms are resolved in the insureds' favor," *E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 84 P.3d 385, 389 (Cal. 2004) (quoting *Safeco Ins. Co. of Am. v. Robert S.*, 28 P.3d 889, 893 (Cal. 2001)), a court's "assessment of the policy language must be made in the context of the nature of [the] policy as an excess insurance policy," *Qualcomm, Inc. v. Certain Underwriters at Lloyd's, London*, 73 Cal. Rptr. 3d 770, 777 (Ct. App. 2008), and in light of California's policy "that insureds should not recover the same amount twice, once from their insurance company and again from a third party," *21st Century Ins. Co. v. Superior Court*, 213 P.3d 972, 974 (Cal. 2009).

Quattrocchi argues that her policy language is ambiguous. Relying on out-of-state authority, she asserts that an excess insurer's exclusion "for medical expenses for bodily injury . . . to the extent [primary plan] benefits are required to be payable" could be construed as inapplicable where the insured has repaid her primary plan out of a recovery from the third party tortfeasor. *Rubin v. State Farm Mut. Auto. Ins. Co.*, 43 P.3d 1018, 1020 (Nev. 2002).

2

Even if California courts were to follow *Rubin*, however, Quattrocchi's policy language is materially different. It excluded elements of the loss that "are paid, payable or required to be provided . . . under the terms of any and all primary medical plans." California courts have held that such language clearly and unambiguously excludes coverage so long as the insured is eligible for benefits under a primary plan, regardless of whether she actually receives them. *See Case v. State Farm Mut. Auto. Ins. Co.*, 241 Cal. Rptr. 3d 458, 471–72 (Ct. App. 2018); *Bailey v. Interinsurance Exch.*, 122 Cal. Rptr. 508, 509–10 (Ct. App. 1975). Therefore, Allstate's alleged statements and conduct in denying Quattrocchi's claim were neither fraudulent nor unfair within the meaning of California's Unfair Competition Law, and the district court properly dismissed the suit without leave to amend. *See 21st Century*, 213 P.3d at 975.

**AFFIRMED.**