TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  | | |
|---|---|---|
| OPINION | : | |
| | : | No. 98-101 |
| of | : | |
| | : | November 13, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE HERSCHEL ROSENTHAL, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following question:

Is the state required to provide indemnification and defense for an appointee to a state board, commission, or committee with respect to activities performed within the appointee's designated duties?

CONCLUSION

The state is required to provide indemnification and defense for an appointee to a state board, commission, or committee with respect to activities performed within the appointee's designated duties if the appointee exercises a portion of the sovereignty of the state and thus is a state "officer." Appointees who are state "employees" would also be entitled to indemnification and defense. Whether an appointee is a state employee must be determined on a case-by-case basis by applying factors specified in section 220 of the Restatement Second of Agency.

ANALYSIS

An action at law for civil liability against an officer or employee of a public entity, including the state, is controlled by the provisions of the California Tort Claims Act (Gov. Code, §§ 810-996.6; "Act"). **Footnote No. 1** The Act prescribes the substantive liabilities and immunities of (§§ 810-895.8), the procedures for initiating claims against (§§ 900-935.6), and the entitlement to defense of (§§ 995-996.6) **Footnote No. 2** and indemnification for (§§ 825-825.6) public employees.

For purposes of the Act, section 810.2 defines the term "employee" to include officers and uncompensated servants: "'Employee' includes an officer, judicial officer as defined in Section 327 of the Elections Code, employee, or servant, whether or not compensated, but does not include an independent contractor."

The question to be resolved is whether an appointee to a state board, commission, or committee is an "employee" as defined in section 810.2. We conclude that whether such an appointee would be entitled to indemnification and defense by the state would depend upon the facts in each particular situation.

Numerous examples may be given of state boards, commissions, and committees that are filled by appointment. The Public Utilities Commission, created by the Constitution (Cal. Const., art. XII, § 1), and an education advisory committee, created by statute (Ed. Code, § 33501, subd. (b)), are but two examples. For purposes of our analysis, we may assume that the state board, commission, or committee in question has been duly established by formal action taken pursuant to the Constitution or some authorizing statute. (Cf., § 11121.8.)

It is clear that if appointees to state boards, commissions, or committees are "officers," they are covered under the express terms of section 810.2. (See also Lab. Code, § 3351, subd. (b).) An officer generally is one who exercises a portion of the sovereignty of the state. (*Parker* v. *Riley* (1941) 18 Cal.2d 83, 87; *People* ex rel. *Chapman* v. *Rapsey* (1940) 16 Cal.2d 636, 641-642; *Schaefer* v. *Superior Court* (1952) 113 Cal.App.2d 428, 432-433; 42 Ops.Cal.Atty.Gen. 93, 95 (1963).)

Whether a member of a state board, commission, or committee exercises a portion of the sovereignty of the state depends upon the particular circumstances. In *People* ex rel. *Chapman* v. *Rapsey*, *supra*, 16 Cal.2d at 639-640, the court observed:

""The words 'public office' are used in so many senses that the courts have affirmed that it is hardly possible to undertake a precise definition which will adequately and effectively cover every situation. Definitions and application of this phrase depend, not upon how the particular office in question may be designated nor upon what statute may name it, but upon the power granted and wielded, the duties and functions performed, and other circumstances which manifest the nature of the position and mark its character, irrespective of any formal designation. But so far as definition has been attempted, a public office is said to be right, authority, and duty, created and conferred by law - the tenure of which is not transient, occasional, or incidental - by which for a given period an individual is invested with power to perform a public function for public benefit.

"". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"". . . One of the prime requisites is that the office be created by the Constitution or authorized by some statute. And it is essential that the incumbent be clothed with a part of the sovereignty of the state to be exercised in the interest of the public.""

In *Shaeffer* v. *Superior Court*, *supra*, 113 Cal.App.2d at 432-433, the court described the "sovereign powers of the state" as follows:

"In *Parker* v. *Riley*, 18 Cal.2d 83, it was said at page 87: '[I]t is generally said that an office or trust requires the vesting in an individual of a portion of the sovereign powers of the state.' Sovereignty is defined in Webster's Dictionary as: 'The supreme political power, authority, or status of the person or persons in a state whom the citizens as a body habitually obey; the power that determines and administers the government of a state in the final analysis.' In *State* ex rel. *Pickett* v. *Truman*, 333 Mo. 1018 [64 S.W.2d 105, 106] it was said at page 1022, in referring to *State* ex rel. *Landis* v. *Board of Commissioners*, 96 Ohio 157 [115 N.E. 919]: 'Illustrative of what is meant by "sovereignty of the State," in the same opinion it said: "If specific statutory and independent duties are imposed upon an appointee in relation to the exercise of the police powers of the state, if the appointee is invested with the independent power in the disposition of public property or with power to incur financial obligations upon the part of the county or State, if he is empowered to act in those multitudinous cases involving business or political dealings between individuals and the public, wherein the latter must necessarily act through an official agency, then such functions are a part of the sovereignty of the State."'"

Thus in *Parker* v. *Riley*, *supra*, 18 Cal.2d at 87, the Supreme Court concluded that membership on the Commission on Interstate Cooperation was not an "office." Likewise, we concluded in a 1963 opinion that membership on an advisory board of the Joint Legislative Committee for the Revision of the Penal Code was not an "office." (42 Ops.Cal. Atty.Gen., *supra*, at 95.) If a state board, commission, or committee does not exercise sovereign powers, then its members would not be "officers" of the state. (*Ibid*.)

It is also apparent that any appointee who is a state "employee," whether in the civil service or exempt therefrom, would be covered under the express language of section 810.2. The critical issue to be resolved is whether an appointee to an *advisory* board, commission, or committee is entitled to defense and indemnification. While such a person may not be considered an "officer" for purposes of section 810.2, would the person nonetheless be an "employee, or servant, whether or not compensated" within the meaning of the statute?

In examining this language of section 810.2, we apply well established principles of statutory construction. "To interpret statutory language, we must 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.]" (*California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632.) "In interpreting statutes, we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law . . . ." (*Ibid*.; see *Mercer* v. *Department of Motor Vehicles* (1991) 53 Cal.3d 753, 763.) "In analyzing statutory language, we seek to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislative purpose . . . ." (*Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1159.)

The term "employee" may mean different things in different contexts. (*Knight* v. *Bd. etc. Employees' Retirement* (1948) 32 Cal.2d 400, 402 ["The term 'employees' has no fixed meaning that must control in every instance"]; *Villanazul* v. *City of Los Angeles* (1951) 37 Cal.2d 718, 722-723; *Briggs* v. *Lawrence* (1991) 230 Cal.App.3d 605, 613; 68 Ops.Cal.Atty.Gen. 127, 132

(1985).) While an "employee" normally receives compensation (*Parker* v. *Riley*, *supra*, 18 Cal.2d at 87; 42 Ops.Cal.Atty.Gen., *supra*, at 95), here the Legislature has expressly defined an "employee" for purposes of the Act as one "whether or not compensated" (§ 810.2). "The fact that a person is not paid monetary compensation for his services does not prevent him from occupying the status of an employee. [Citation.]" (*Chavez* v. *Sprague* (1962) 209 Cal.App.2d 101, 111; cf., Lab. Code, §§ 3352, subd (i), 3363.5; *Key Insurance Exchange* v. *Washington* (1970) 7 Cal.App.3d 209, 212.)

As for the term "servant," it is commonly defined as including "a government official considered as the servant of his sovereign or of the public." (Webster's Third New Internat. Dict. (1971) p. 2075.) A "public servant" is "an individual . . . rendering a public service." (*Id.*, at p. 1836.) When section 810.2 was enacted in 1963 (Stats. 1963, ch. 1681, § 1), the legislative committee comment stated with respect thereto:

"'Employee' was originally defined (in the bill as introduced) to include 'an officer, agent, or employee,' but not an 'independent contractor.' By amendment, the word 'servant' was substituted for 'agent' because (1) 'servant' was considered more appropriate than 'agent' when used in a statute relating to tort liability and (2) the public entities feared that to impose liability upon public entities for the torts of 'agents' would expand vicarious liability to include a large indefinite class of persons and 'servant' was believed to be more restrictive than 'agent.' . . ."

Further complicating the matter is the fact that the phrase "employee, or servant, whether or not compensated" contained in section 810.2 does not stand alone. Section 810.2 expressly excludes "an independent contractor." **Footnote No. 3** How are these two phrases to be reconciled?

In examining whether a person is an employee or an independent contractor, various factors must be considered. (*Gonzalez* v. *Workers' Comp. Appeals Bd.* (1996) 46 Cal.App.4th 1584, 1590; *Briggs* v. *Lawrence*, *supra*, 230 Cal.App.3d at 615-616; *Townsend* v. *State of California* (1987) 191 Cal.App.3d 1530, 1534-1535.) A particular position often has some characteristics of an employment relationship and other characteristics of an independent contractor relationship. (*Tieberg* v. *Employment Ins. App. Bd.* (1970) 2 Cal.3d 943, 949-954; *Truesdale* v. *Workers' Comp. Appeals Bd.* (1987) 190 Cal.App.3d 608, 613-617; 72 Ops.Cal.Atty.Gen. 94, 100 (1984).) However, for legal purposes, a person may only be one or the other, and the relevant factors are weighed to make the appropriate determination. (*Gonzalez* v. *Workers' Comp. Appeals Bd.*, *supra*, 46 Cal.App.4th at 1590; *Briggs* v. *Lawrence*, *supra*, 230 Cal.App.3d at 614; 72 Ops.Cal.Atty.Gen., *supra*, at 100.)

The crucial factor in distinguishing an employee from an independent contractor is "the right to control the manner and means by which the work is to be performed." (*Societa per Azioni de Navigazione Italia* v. *City of Los Angeles* (1982) 31 Cal.3d 446, 457.) When the right to exercise complete control is retained, an employer-employee relationship is established. When control may be exercised only as to the result of the work and not the means by which it is accomplished, an independent contractor relationship is established. (*Id.*, at p. 458.)

Although the right to control is the most important test, recent cases have focused upon other criteria specified in section 220 of the Restatement Second of Agency. (See, e.g., *Briggs* v.

*Lawrence*, *supra*, 230 Cal.App.3d at 614 [determining that a public defender acted as an employee for certain purposes; also holding a person is either an employee or independent contractor, but not both].) In *Briggs*, the court provided a detailed analysis of the Restatement factors as follows:

". . . Our Supreme Court characterized a similar approach [using right to control as the exclusive factor] as improper in *Tieberg* v. *Unemployment Ins. App. Bd.*, *supra*, 2 Cal.3d at page 946, pointing out that although '[t]he right to control the means by which the work is accomplished is clearly the most significant test of the employment relationship' other factors, enumerated in the Restatement Second of Agency, should be considered as well. [Citations.]

"The Restatement defines a 'servant' (generally equivalent to an employee) as 'a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control. . . . In determining whether one acting for another is a servant or an independent contractor, the following matters of fact, among others, are considered: (a) the extent of control which, by the agreement, the master may exercise over the details of the work; (b) whether or not the one employed is engaged in a distinct occupation or business; (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (d) the skill required in the particular occupation; (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (f) the length of time for which the person is employed; (g) the method of payment, whether by the time or by the job; (h) whether or not the work is a part of the regular business of the employer; (i) whether or not the parties believe they are creating the relation of master and servant; and (j) whether the principal is or is not in business.' [Citations.]" (*Id.*, at pp. 615-616.)

Here, various factors weigh in favor of finding that an appointee to a state advisory board, commission, or committee is an "employee" of the state. The appointee may be subject to the control of the particular state agency when providing the advice, whether with regard to the frequency of committee meetings or the conditions under which the recommendations are to be given; the appointee may serve at the pleasure of the appointing power. (See *Briggs* v. *Lawrence*, *supra*, 230 Cal.App.3d at 618.) Moreover, a particular advisory body may be considered part of the "enterprise" of the state agency involved, resulting in an appointee being considered an employee rather than an independent contractor for purposes of section 810.2. An advisory body may be created to assist state agency officials in the performance of official duties; any act or omission in the performance of an appointee's designated duties in such circumstances may constitute part of the business" of the agency, inherent in and created by the enterprise as a whole. (See *Hinman* v. *Westinghouse Elec. Co.* (1970) 2 Cal.3d 956, 960; *Gonzalez* v. *Workers' Comp. Appeals Bd.*, *supra*, 46 Cal.App.4th at 1589-1590; *Briggs* v. *Lawrence*, *supra*, 230 Cal.App.3d at 617-618; *Chavez* v. *Sprague*, *supra*, 209 Cal.App.2d at 109-111.)

We note that the determination whether a person is an employee or independent contractor "is affected by policy considerations." (*Townsend* v. *State of California*, *supra*, 191 Cal.App.3d at 1535.) Providing defense and indemnification for appointees of state advisory bodies would further the policy of encouraging private individuals to participate in government activities

without fear of being named in a civil suit regarding their designated duties. (See *Farmers Ins. Group* v. *County of Santa Clara*, *supra*, 11 Cal.4th at 1001; *Johnson* v. *State of California* (1968) 69 Cal.2d 782, 792; *Elder* v. *Anderson* (1962) 205 Cal.App.2d 325, 333.)

Other factors, however, may weigh against the finding of "employee" status for members of state advisory bodies. The criteria specified in the Restatement must be considered on a case-by-case basis before a determination may be made. No conclusion may be drawn as to the status of a member of an advisory board, commission, or committee without an examination of the relevant factors peculiar to the board, commission, or committee and its appointees.

We conclude that the state is required to provide indemnification and defense for an appointee to a state board, commission, or committee with respect to activities performed within the appointee's designated duties if the appointee exercises a portion of the sovereignty of the state and thus is a state "officer." Appointees who are state "employees" would also be entitled to indemnification and defense. Whether an appointee is a state employee must be determined on a case-by-case basis by applying factors specified in section 220 of the Restatement Second of Agency.

* * * * *

**Footnote No. 1**
Unidentified section references herein are to the Government Code.
**Footnote No. 2** Section 995.2 specifies conditions under which a public entity may refuse to provide a defense, including a determination by the public entity that the act or omission of the employee was not within the scope of employment. The present inquiry assumes that the act or omission in question falls within the appointee's designated duties. (See *Farmers Ins. Group* v. *County of Santa Clara* (1995) 11 Cal.4th 992, 1002-1007.)
**Footnote No. 3**
In limited instances the Legislature has provided legal rights of representation for independent contractors. (See § 815.4; Bus. & Prof. Code, §§ 154.5, 2317, 2356.)